CARLTON, J.,
dissenting:
¶ 22. I respectfully dissent. See generally McBride v. State, 141 Miss. 186, 104 So. 454 (1925) (finding the presumption of intent constitutes a mere rule of evidence showing prima facie evidence of intent where one obtains money and fails to pay after proper notice of nonpayment).
¶ 28. I submit the jury instruction at issue creates a permissive inference instruction, not a mandatory presumption as argued by Jim Durham. The instruction permissively informs the jury if it finds certain evidence to exist, then such evidence gives rise to a prima facie evidence and presumption of intent to defraud. The jury instruction merely creates a presumption of intent when such intent is raised by the evidence if the jury found such evidence to exist.
¶ 24. Additionally, a review of the instructions as a whole reflects the court properly instructed the jury as to the elements of the charged offenses of writing a bad check with fraudulent intent and instructed the jury the State bore the burden to prove each element beyond a reasonable doubt.[3] If there is any error in Jury Instruction S-2, which I find none, then it is harmless based on a review of the instructions as a whole. I would, therefore, affirm the conviction[4] and sentence finding the evidence was legally sufficient to support the convictions of the defendant. See generally Lyles v. State, 12 So.3d 532 (Miss.Ct.App.2009).

. See Instruction S-4A, S-5A, S-6A, S-7A (instructions on elements of each indicted offense and burden on the State to prove each beyond reasonable doubt). See also instructions of the court C-l through C-4, and defense instructions D-4 and D-7.

. See Miss.Code Ann. § 97-19-55 (Supp. 2011).